June 24, 2016

16-504

Jason Scott
435 Balsam Dr.
Dover, DE 19901

RECEIVED
JUN 27 2016
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Clerk of Court
District of Delaware
J. Caleb Boggs Federal Building
844 N King Street Unit 18
Wilmington, DE 19801-3570

RE: Scott v. Nemours

Dear Clerk,

Please find enclosed plaintiff, Jason Scott's Civil Cover Sheet, Pro Se Employment Complaint and Application to Proceed in Forma Pauperis.

Exhibits will include Nemours Reaffirmation of Employee Philosophy, Charge of Discrimination, EEOC Right to Sue and Delaware Department of Labor Unemployment Determination.

Respectfully Submitted,

Mr. Scott

FILED
JUN 27 2016
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**COMPLAINT**

**Introduction:**

Plaintiff, Jason Scott, proceeding Pro Se, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the Delaware Discrimination in Employment Act ("State Discrimination Act"), 19 Del. C. § 710, et seq.

**Count One**

(Religion Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.)

1. Scott knows and others will testify that Scott was discriminated against because of his religion. It's well known that Scott had high beliefs in his role as a Community Health Worker as he served his community with pride and agape love. Scott scheduled a "Confidential" meeting with human resources, as he was directed by his office manager, Towne. Though Scott arrived to his meeting, the meeting never took place as human resources claimed they would reschedule. Scott kept a log of all the challenges he encountered.

Scott will prove that staff of Nemours used hidden motives numerous times to discriminate against him on the basis of his religious beliefs and adverse action.

Ex. The alleged harassment includes statements from his manager such as "I know you have faith on your position but the grant is over!" Witnesses will tesdtify this incident occurred on more than one occasion.

**Count Two**

(Engaging in Protected Activities)

Retaliation:

1. Plaintiff contends that Nemours management retaliated against him for filing an internal complaint about the unlawful discriminatory acts taken place while working for Nemours, Alfred I duPont Hospital for Children. Scott filed an internal complaint with manager Steve Towne whom in return informed Scott of what steps to take. Scott appreciated Towne's guidance and proceeded until he was wrongfully terminated.

**Count Three**

ADA-Americans with Disability Act of 1990, as amended,

3. During and after enduring weeks of this treatment, Scott sought medical care then was terminated. Nemours failed to hire (transition) Scott because of his recorded disability. Scott reported back to his manager that he sought medical attention after having an emotional breakdown during his yearly review on February 13, 2015. Witnesses will testify that Scott was punished for seeking

medical attention to relieve stress from a related work environment and that he was up for termination based on retaliatory motives.

The foregoing paragraphs are alleged and incorporated by reference herein. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because he engaged in activities protected by Title VII and the ADEA.

Any stated reasons for the Defendant's conduct were not true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

**Conclusion:**

According to EEOC and other laws "It's important to make complaint with company because that gives them a chance to investigate and, if they can make things right." It's also important because if you later file a discrimination lawsuit, it gives proof that the company was on notice of the problem and didn't do anything about it.

**Prayer for Relief**

WHEREFORE, the Plaintiff requests that the court award him:

(a) A retroactive promotion to the PSR II level, with all back pay, benefits and other emoluments of employment.

(b) the sum of $350,000.00 in compensatory damages suffered because of the discrimination and retaliation.

(c) front pay at the PSR II pay level (including pay increases) until he finds other employment but for Nemours management's discriminatory/retaliatory treatment of him;

(d) costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon; and

(e) other damages and further relief as deemed just.

**JURY DEMAND**

The Plaintiff requests trial by jury.

Respectfully submitted by:

/s/Jason Scott