IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON SCOTT, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 16-504-RGA |
| NEMOURS/ALFRED I. DUPONT HOSPITAL FOR CHILDREN, | : | |
| Defendant. | : | |

**ORDER**

At Wilmington this 30 day of November, 2016, having considered Plaintiff's request for counsel (D.I. 7);

IT IS ORDERED that Plaintiff's request for counsel (D.I. 7) is **DENIED** without prejudice to renew, for the following reasons:

1. **Request for Counsel**. Plaintiff proceeds and has been granted leave to proceed in forma pauperis. A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

---

[1]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57.

3. Plaintiff requests counsel on the grounds that he is unable to pay the costs of this proceeding, that he is unable to litigate the case on his behalf, and that he has unsuccessfully sought counsel.

4. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. This case is in its early stages, Defendant having not yet been served. In addition, Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims, and the issues are not complex. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. The Court can address the issue at a later date should counsel become necessary.

Richard G. Andrews
UNITED STATES DISTRICT JUDGE