IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JASON SCOTT,

    Plaintiff,

v.

NEMOURS/ALFRED I. DUPONT
HOSPITAL FOR CHILDREN,

    Defendant.

Civ. No. 16-504-RGA

Jason Scott, Dover, Delaware. *Pro Se* Plaintiff.

Kathleen Furey McDonough, Esquire, and Stephanie E. O'Byrne, Esquire, Potter Anderson & Corroon, LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

May  , 2017
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Jason Scott, who appears *pro se* and has been granted leave to proceed *in forma pauperis,* filed a complaint on June 27, 2016, which he followed with what appeared to be an amended complaint on October 28, 2016. (D.I. 2, 6). Defendant moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 10). Plaintiff opposes. (D.I. 15). Briefing on the motion is complete. Plaintiff also requests counsel and moves for issuance of a subpoena. (D.I. 13, 19).

## BACKGROUND

At the time of his discharge, Plaintiff was employed by Defendant as a community health worker. The Complaint alleges employment discrimination by reason of race, color, sex, religion, and disability occurring on April 30, 2015, when Plaintiff's employment was terminated. (D.I. 2). The Complaint contains three counts: (1) religious discrimination; (2) retaliation; and (3) disability discrimination. (D.I. 2-2 at 2-3). Attached to the Complaint is a notice of suit rights for EEOC Charge No. 17C-2016-00158 and its corresponding charge of discrimination, presented to the Delaware Department of Labor on December 15, 2015, that alleges discrimination based upon religion and retaliation. (D.I. 2 at Exs. A, B). The charge states that Defendant discriminated against Plaintiff based upon his religion and acted in retaliation after Plaintiff engaged in protected activity. Plaintiff alleges that "he was to be reinstated after his grant expired but was discharged after he filed previous charges with the DDOL (SCO052015 despite showing success and building positive relationships during his employment." (*Id.* at Ex. B).

On October 28, 2016, Plaintiff filed a second pleading again alleging employment discrimination by reason of race, color, sex, religion, and disability,

occurred on April 30, 2015 when his employment was terminated and Defendant failed to hire him. (D.I. 6). Attached to the pleading is a notice of suit rights for EEOC Charge No. 17C-2015-00459 and the corresponding charge of discrimination that alleges discrimination based upon race, sex, religion, and disability.[1] (D.I. 6-1). The charge states that Plaintiff worked for Defendant from February 2011 until September 2011 as an insurance verification rep, from September 2011 until October 2012 as a "PSR," and from October 2012 until April 30, 2015 as a community health worker. It goes on to state that Plaintiff is a qualified individual with a disability who is able to perform the essential functions of his job with or without a reasonable accommodation.

The charge states that Plaintiff is Black Christian male with a disability. Plaintiff alleges that Defendant discriminated against him when it referred Plaintiff to an employee assistance program in 2015. Plaintiff was informed that he was going to be assigned to an "opening position but eventually got discharged." (D.I. 6-1). Plaintiff alleges that he was unfairly discharged by Defendant while he was on his day off and that he was also denied a different position with Defendant based upon his protected classes. (*Id.*) The Complaint and its amendment seek injunctive relief, back pay, and monetary damages. (D.I. 2, 6).

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the amended complaint: (1) does not reference the original complaint in

---

[1]This charge was presented to the DDOL on May 20, 2015, before Plaintiff filed Charge No. 17C-2016-00158, attached to the original Complaint, but the notice of suit rights for Charge No. 17C-2015-00459 did not issue until August 1, 2016, after Plaintiff commenced this action.

any matter and, therefore, stands independently as the operative pleading; and

(2) alleges no facts to support a claim of "discretionary discharge" or failure to hire.

## STANDARDS OF LAW

Plaintiff proceeds *pro se* and, therefore, his pleadings are liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding

whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**DISCUSSION**

The Court liberally construes Plaintiff's pleadings. In doing so, and with hindsight, the Court concludes that docket item 6 should now be construed, not as an amended complaint, but as a supplement to the original complaint. The Court thus construes the Complaint at D.I. 2, and it supplement at D.I. 6, together, as the operative pleading.

Having reviewed the complaint and the charges of discrimination, attached thereto, the Court finds that Plaintiff has adequately stated employment discrimination claims based upon religion and disability, as well as a retaliation claim when he made an internal complaint of alleged unlawful discriminatory acts. Accordingly, the Court will deny Defendant's motion to dismiss these claims.

In addition to the religion, disability, and retaliation claims, Plaintiff checked the boxes for race, color, and sex in the form Complaint. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2. In order to state a claim for discriminatory discharge under Title, VII, Plaintiff must allege that: (1) that he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that similarly situated individuals not in plaintiff's protected

4

class were treated more favorably or that the adverse employment action occurred under circumstances that give rise to an inference of discrimination. *See McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 892 (1973); *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d. Cir. 2003).

While Charge No. 17C-2015-0459 refers to Plaintiff's protected classes based upon his race and gender, there are no allegations that the alleged unlawful acts taken against Plaintiff were based upon either classification. (*See* D.I. 6-1 at 1). Therefore, the Court will grant the motion to dismiss the race, color, and sex discrimination claims. However, since it appears plausible that Plaintiff may be able to articulate a claim based upon one of these classifications, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption"). Should Plaintiff opt to amend, the amended complaint should contain all claims Plaintiff seeks to raise in one pleading.

## REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that he is unable to pay for counsel, he has made diligent efforts to obtain counsel, and he was wrongfully terminated. (D.I. 13). Even though Plaintiff is a *pro se* litigant proceeding *in forma pauperis*, he has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir.

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord*, *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir 1997).

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. This case is in its early stages. In addition, Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims, and the issues are not complex. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. The Court can address the issue at a later date should counsel become necessary. Therefore, the Court will deny the motion without prejudice to renew.

## MOTION FOR SUBPOENA

Plaintiff moves for an issuance of subpoena to take the deposition of Stephen Towne, who is employed by Defendant. (D.I. 19). As mentioned above, this case is in its very early stages. Also, the Court has not yet entered a scheduling and discovery

order, and discovery has not commenced. Therefore, the Court will dismiss the motion as premature without prejudice to renew.

## CONCLUSION

For the above reasons, the Court will: (1) deny in part and grant in part Defendant's motion to dismiss (D.I. 10); (2) deny without prejudice to renew Plaintiff's request for counsel (D.I. 13); and (3) dismiss as premature without prejudice to renew Plaintiff's motion for issuance of a subpoena (D.I. 19). Plaintiff will be given leave to amend.

An appropriate order will be entered.