FILED
OCT 3 1 2017
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. NO, 1:16-cv-00504-RGA |
| NEMOURS, A I. du Pont HOSPITAL FOR CHILDREN | ) | |
| | ) | |
| Defendant. | | |

**<u>MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

**BACKGROUND**

Plaintiff Jason Scott filed his Complaint June 2016. The factual allegations in the Complaint, taken as true for purposes of the pending motion, and supplemented by undisputed facts set forth in plaintiff's MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THEALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT is as follows:

Scott is an African-American male whom worked for Nemours as a Insurance Verification Representative, Patient Service Representative and then transitioned to a Community Health Worker from October 29, 2012, until his wrongful discharge April 30, 2015. Scott was the only Community Health Worker at Dover primary care practice paid $17.89/hour and worked 40 + hours/week. Though Nemours misrepresented Scott's position of a Community Health Worker managing a small caseload, its staff fired Scott under impressions the grant was over, "his Faith would not save his position." That very disrupting comment was made by Erin

Carroll, overheard by Scott's witness Stephen Towne, his office manager. Towne, whom is currently employed have a motive to "forget" the witnessed animus towards Scott by Carroll, failed to report such comments and Scott's injury sustained by Carroll's harsh comment. (See exhibit Injury 01) Two of Scott's former coworkers provided witness statements, and letter of recommendation in support of his claims (previously submitted).

**A. ADA/ Workers Compensation**

Notably, plaintiff filed an injury report June 2015 under impressions his former office manager previously submitted. The Hartford & Nemours own documents indicate that Nemours staff failed to document and or report its employee, Jason Scott injury which occurred on February 13, 2015 in the scope of employment with Nemours. The party's failure to acknowledge and investigate Scott's request has. The party's failure to acknowledge and investigate Scott's injury has caused his compensable claims to deny in error.

**<u>Department of Labor, Division of Industrial Affairs, FAQ</u>**

What should an employer do if an employee is injured?

> Provide all necessary medical, surgical and hospital treatment from the date of the accident. Employers shall keep a record of all injuries received by employees and file a report (First Report of Occupational Injury or Disease) within 10 days in writing to the Office of Workers' Compensation and their insurance carrier. Ascertain the average weekly wages of the employee and provide compensation in accordance with the provisions of the law, for disability beyond the third day after the accident. All agreements for compensation must be submitted to the Office of Workers' Compensation for approval.

Records also indicate Scott's employment was terminated on many factors 1.) in retaliation for the filing of the injury witnessed by Towne 2.) in retaliation for participating during an active investigation, and 3.) more specifically, for having a known disability.

**B. Retaliation**

An employee may not be discharged (or discriminated against) in retaliation for filing a workers' compensation claim or testifying in a workers' compensation proceeding. Del. Code Ann. tit. 19, § 2365.

**C. Wrongful Termination**

An employee may claim damages for wrongful discharge when the motivation for firing the employee contravenes public policy. Scott is well within time limits of 3 years to file a wrongful termination claim.

**PRAYER FOR RELIEF**

Plaintiff prays U.S. District Court of Delaware grants this motion, seeks judgment on the pleadings as to claims of retaliation and ADA discrimination.

Respectfully submitted,

/s/ Jason Scott

**CERTIFICATE OF SERVICE**

I, JASON SCOTT, HEREBY CERTIFY that a true and correct copy of the foregoing was mailed U.S. postal mail from Dover, DE on October 27, 2017 to the following parties:

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT OF DELAWARE
844 NORTH KING STREET, UNIT 18
WILMINGTON, DE 19801

COUNSEL OF RECORD
POTTER CORROON ANDERSON
1313 NORTH MARKET STREET
WILMINGTON, DE 19801

[illegible]
435 Balsam Dr
Dover, DE 19901

U.S. POSTAGE
PAID
DOVER, DE
19901
OCT 27, 17
AMOUNT
**$1.61**
R2305H101798-11

1000 19801

**FILED**

OCT 3 1 2017

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

The United States District Court of DE
J. Caleb Boggs Federal Building
844 N. King Street Unit 18
Wilmington, DE 19801